UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** * <br> **FOR THE USE AND BENEFIT OF** <br> **MAHOGANY, INC. a/k/a** * <br> **MAHOGANY, INC. OF MARYLAND** <br> 910 West Pratt Street * <br> Baltimore, Maryland 21223 <br>                    * <br>         **Plaintiff,** <br>                    * <br> **v.** <br>                    * <br> **SIGAL CONSTRUCTION CORPORATION** <br> 3299 K Street, N.W. * <br> Suite 100 <br> Washington, DC 20007 * <br> **SERVE:**   C T CORPORATION SYSTEM * <br>                 1015 15th Street, N.W. <br>                 Suite 1000 * <br>                 Washington, DC 20005 <br>                    * <br> and <br>                    * <br> **BYRNE MILLWORK, INC.** <br> 21 Bellecor Drive * <br> New Castle, Delaware 19720 <br>                    * <br> **SERVE:**   Federal Research Corporation <br>                 1030 15th Street, N.W. * <br>                 Suite 920 <br>                 Washington, DC 20005 * <br> and * <br> **LIBERTY MUTUAL INSURANCE COMPANY** * <br> 175 Berkely Street <br> Boston, Massachusetts 02117 * <br> **SERVE:**   C T CORPORATION SYSTEM * <br>                 1015 15th Street, NW <br>                 Suite 1000 * <br>                 Washington, DC  20005 <br>                    * <br>         **Defendants.** <br> \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \* | **Civil Action No.:** <br> _____ <br><br><br><br> **COMPLAINT** |

## COMPLAINT

COMES NOW, Plaintiff The United States of America f/u/b/o Mahogany, Inc. a/k/a Mahogany, Inc of Maryland ("Mahogany"), by and through its attorneys, Quagliano & Seeger, P.C., and for its Complaint against Defendants Sigal Constriction Corporation, Byrne Millwork, Inc. and Liberty Mutual Insurance, states upon information and belief as follows:

## PARTIES

1. Plaintiff Mahogany is a Maryland corporation with its principal place of business located at 910 Pratt Street, Baltimore, Maryland 21223. At all time relevant hereto, Mahogany was engaged in, *inter alia*, the business of millwork subcontracting and is properly licensed to do business in the District of Columbia.

2. Defendant Sigal Construction Corporation is a District of Columbia corporation with its principal place of business located at 3299 K Street, N.W., Suite 100 Washington, DC 20007. Sigal Construction Corporation is properly licensed and registered to transact business in the District of Columbia.

3. Defendant Byrne Millwork, Inc. is a Delaware corporation with its principal place of business located at 21 Bellecor Drive, New Castle, Delaware 19720. Byrne Millwork, Inc. is properly licensed and registered to transact business in the District of Columbia.

4. Defendant Liberty Mutual Insurance Company is a Massachusetts corporation with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02117. Liberty Mutual Insurance Company is properly licensed and registered to transact business, including issuing bonds in the District of Columbia.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this matter is between corporations of different states. Further, jurisdiction is vested in this Court pursuant to the United States Code, Title 40 §§ 3131 *et seq*.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a)(1) because the Defendants conduct business in this judicial district. Further, venue in this Court is proper under United States Code, Title 40 §§ 3131 *et seq.,* as the Project that is the source of this dispute is located in this judicial district.

## FACTS

7. On or about October 23, 2003, Sigal Construction Corporation ("Sigal"), as general contractor, entered into a contract with the General Services Administration (the "Owner") to provide construction services at the Old State Build Out Project, Interior Renovation, located at the Harry S. Truman Building in the District of Columbia, Contract No.: GS-11P03MKC0047 (the "Project").

8. In connection with its work at the Project, Sigal, as Principal, and Liberty Mutual, as Surety, executed and delivered to the Owner a Labor & Material Payment Bond dated October 28, 2003, Bond No.: 17010125 (the "Payment Bond"), in accordance with the Federal Miller Act, codified at United States Code Title 40 §§ 3131 *et seq.,* securing Sigal's payment obligations to its subcontractors and suppliers on the Project. The penal sum of the bond is $38,692,598.25. A copy of the Payment Bond is attached hereto and incorporated by reference at Exhibit 1.

9.  Sigal entered into an agreement with Byrne Millwork, Inc. ("BMI"), whereby BMI agreed to provide all labor, material, and equipment to furnish and install designated millwork work at the Project.

10. Subsequent thereto, BMI entered into an agreement with the Plaintiff Mahogany, whereby Mahogany agreed to furnish certain millwork services and materials for use and incorporation into BMI's work at the Project (the "Purchase Order").  A copy of the Purchase Order is attached hereto and incorporated by reference at Exhibit 2.

11. After Mahogany commenced work on the Project, BMI and Mahogany negotiated and agreed to specified additional services to be provided under the Purchase Order by means of Contract Change Orders. As a result of these Change Orders, Mahogany's scope of work on the Project and the total Purchase Order amount increased by Seventy-Three Thousand Fifty-One Dollars ($73,051.00) to Three Hundred Fifty-Seven Thousand Three Hundred Sixty-Seven Dollars ($357,367.00).

12. Between on or about September 27, 2004, thru February 11, 2004, Mahogany furnished certain millwork services, materials and supplies to BMI at its direction and specific request for use and incorporation into BMI's work at the Project.

13. During the time Mahogany performed work at the Project, it submitted to BMI five payment requisitions.

14. Throughout the duration of Mahogany's work at the Project, BMI failed to timely remit payment.

15. The following table identifies the dates Mahogany submitted its payment applications and in turn the date BMI made payment, if any:

| Date | Payment Req. | Date of Payment | Amt. Paid |
|---|---|---|---|
| October 18, 2004 | $23,869 | December 16, 2004 | $23,869 |
| November 15, 2004 | $37,935 | February 10, 2005 | $37,935 |
| December 20. 2004 | $52,265 | | $ 0 |
| January 21, 2005 | $35,093 | | $ 0 |
| February 11, 2005 | $16,029 | | $ 0 |
| **TOTALS** | **$165,191** | | **$61,804** |

16. Despite Mahogany's countless demands for payment, BMI continually refused to remit payment for the work previously performed by Mahogany at the Project.

17. BMI materially breached the Purchase Order by, *inter alia*, failing to pay Mahogany monies due.

18. After BMI refused to remit payment, Mahogany advised BMI of its intention to suspend its work at the Project until BMI remitted payment - BMI failed to remit payment.

19. As a direct result of BMI's failure to remit payment, on or about February 11, 2005, Mahogany ceased performing work at the Project.

20. To date, BMI has paid Mahogany Sixty-One Thousand Eight Hundred Four Dollars ($61,804) leaving an outstanding balance of One Hundred Three Thousand Three Hundred Eighty-Seven Dollars ($103,387.00).

21. Despite proper demand for payment in full of all amounts due and owing under the Purchase Order, Mahogany has not received payment of One Hundred Three Thousand Three Hundred Eighty-Seven Dollars ($103,387.00) in earned Purchase Order funds for the labor and materials it provided at the Project.

22. In accordance with the terms of the Federal Miller Act, on March 15, 2005, Mahogany notified Sigal and Liberty Mutual of its claim for payment on the Bond via certified

mail, return receipt requested.   True copies of Mahogany's Notice letters are attached hereto and incorporated by reference at Exhibit 3 and 4, respectively.

23.	Despite its demand, Mahogany has not been paid for its labor and material provided at the Project.

24.	More than 90 days have passed since Mahogany's last work on the Project.

**COUNT I - BREACH OF CONTACT**
**AGAINST DEFENDANT BYRNE MILLWORK, INC.**

25.	Mahogany incorporates by reference Paragraphs 1 – 24 as if fully set forth herein.

26.	Mahogany performed all the conditions and obligations required of it under the Purchase Order, including the additional change order work it was directed to perform by BMI.

27.	BMI materially breached the Purchase Order by, *inter alia,* failing to pay Mahogany monies due.

28.	As a result of BMI's default on the Purchase Order, Mahogany has sustained losses of One Hundred Three Thousand Three Hundred Eighty-Seven Dollars ($103,387.00), excluding interest, costs and attorneys' fees.

29.	Mahogany has incurred and shall continue to incur, substantial costs associated with its attempts to recover losses or expenses from BMI.

30.	Mahogany has satisfied any and all conditions precedent to initiating suit.

**WHEREFORE**, Mahogany, Inc. respectfully prays that this Honorable Court enter judgment in its favor and against Byrne Millwork, Inc., in an amount not less One Hundred Three Thousand Three Hundred Eighty-Seven Dollars ($103,387.00), the exact amount to be proved at trial, together with prejudgment interest, post judgment interest, costs and expenses, including attorneys' fees, expended in this behalf and such other relief as the Court deems just.

**COUNT II - SUIT ON THE PAYMENT BOND
AGAINST DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY**

31. Mahogany incorporates by reference Paragraphs 1 – 30 as if fully set forth herein.

32. Mahogany is a proper claimant under the Payment Bond and the Federal Miller Act.

33. Under the Payment Bond, Liberty Mutual is liable to Mahogany for all costs of labor and material used or reasonably required for prosecution of the work at the Project

34. Despite demand for payment in full of all amounts due and owing under the Purchase Order, Mahogany has not received payment of less One Hundred Three Thousand Three Hundred Eighty-Seven Dollars ($103,387.00) in earned Purchase Order funds for the labor and materials in provided at the Project.

35. Liberty Mutual has failed and refused to pay monies due and owing under the Payment Bond.

36. Mahogany has satisfied any and all conditions precedent to bringing this action on the Bond.

**WHEREFORE**, Mahogany, Inc. respectfully prays that this Honorable Court enter judgment in its favor and against Liberty Mutual Insurance Company, in an amount not less One Hundred Three Thousand Three Hundred Eighty-Seven Dollars ($103,387.00), the exact amount to be proved at trial, together with prejudgment interest, post judgment interest, costs and expenses, including attorneys' fees, expended in this behalf and such other relief as the Court deems just deems just.

**COUNT III – UNJUST ENRICHMENT**

**AGAINST DEFENDANT SIGAL CONSTRUCTION CORPORATION**

37. Mahogany incorporates by reference Paragraphs 1 – 36 as if fully set forth herein

38. Sigal has benefited from certain millwork services, materials, and supplies that Mahogany furnished to BMI for use and incorporation into Sigal's work at the Project.

39. The reasonable value of the certain millwork services, materials, and supplies for which Mahogany has not been paid is One Hundred Three Thousand Three Hundred Eighty-Seven Dollars ($103,387.00).

40. Sigal was aware of and had knowledge, of the benefits conferred upon the Project by Mahogany during this period.

41. Sigal's acceptance and retention of the certain millwork services, materials, and supplies provided by Mahogany to the Project make it inequitable for Mahogany to retain these benefits without payment of their value.

**WHEREFORE**, Mahogany, Inc. respectfully prays that this Honorable Court enter judgment in its favor and against Sigal Construction Corporation, in an amount not less One Hundred Three Thousand Three Hundred Eighty-Seven Dollars ($103,387.00), the exact amount to be proved at trial, together with prejudgment interest, post judgment interest, costs and expenses, including attorneys' fees, expended in this behalf and such other relief as the Court deems just deems just.

**Dated: June 3, 2005**               Respectfully submitted,

                                      **QUAGLIANO & SEEGER, P.C.**

                                      */s/ Seth A. Robbins*
                                      _____
                                      Seth A. Robbins, Bar No.: 471812
                                      2620 P Street, NW

>Washington, DC 20007
>Tel. (202) 822-8838
>Fax. (202) 822-6982
>e-mail: Robbins@quagseeg.com
>**Counsel for Plaintiff**
>**Mahogany, Inc. a/k/a**
>**Mahogany, Inc. of Maryland**
>
>OF COUNSEL:
>
>Bruce E. Kauffman, Esq.
>KAUFFMAN AND FORMAN, P.A.
>406 W. Pennsylvania Avenue
>Towson, Maryland 21204
>Tel: (410) 823-5700
>Fax: (410) 296-7349
>e-mail: beklaw@comcast.net