UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>for the use and benefit of<br>MAHOGANY, INC. a/k/a<br>MAHOGANY, INC. OF MARYLAND<br><br>         Plaintiff,<br><br>v.<br><br><br>SIGAL CONSTRUCTION<br>CORPORATION<br><br>and<br><br>BYRNE MILLWORK, INC.<br><br>and<br><br>LIBERTY MUTUAL INSURANCE<br>COMPANY<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 1:05CV01113<br>) Judge: Royce C. Lamberth<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT SIGAL CONSTRUCTION CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Sigal Construction Corporation ("Sigal"), by counsel, submits its Answer and Affirmative Defenses to the Complaint filed by Mahogany, Inc. ("Mahogany"), and states as follows:

**PARTIES**

1.      The allegations set forth in Paragraph 1 relate to another party, to which no response is required. To the extent a response is required, Sigal lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

2.      Sigal denies the allegations set forth in Paragraph 2 of the Complaint.

1

3. The allegations set forth in Paragraph 3 relate to another party, to which no response is required. To the extent a response is required, Sigal lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

4. The allegations set forth in Paragraph 4 relate to claims against another party, to which no response is required. To the extent a response is required, Sigal is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 4 of the Complaint, and accordingly denies the same.

## JURISDICTION AND VENUE

5. The allegations contained in Paragraph 5 of the Complaint are conclusions of law, to which no response is required. To the extent a response is required, Sigal denies the same.

6. The allegations contained in Paragraph 6 of the Complaint are conclusions of law, to which no response is required. To the extent a response is required, Sigal denies the same.

## FACTS

7. Sigal admits that it entered into a contract (No. GS-11P03MKC0047) with the United States General Services Administration ("GSA") on or about October 23, 2003. The terms and conditions of the contract speak for themselves and are the best evidence thereof. To the extent the allegations in Paragraph 7 of the Complaint differ from the terms and conditions of the contract, they are denied.

8. Sigal admits that Liberty Mutual Insurance Company ("Liberty Mutual") issued Payment Bond No. 17010125 ("Payment Bond") on its behalf for the Project. In further response, the terms and conditions of the Payment Bond speak for themselves and

are the best evidence thereof. To the extent the allegations in Paragraph 8 of the Complaint differ from the terms and conditions of the Payment Bond, they are denied.

9. Sigal admits that it entered into a subcontract with Byrne Millwork, Inc. ("Byrne"). The terms and conditions of the subcontract speak for themselves and are the best evidence thereof. To the extent the allegations in Paragraph 9 of the Complaint differ from the terms and conditions of the Subcontract, they are denied.

10. Sigal denies the allegations in Paragraph 10 of the Complaint for lack of sufficient information and knowledge. Further, Sigal demands strict proof of the allegations in Paragraph 10 of the Complaint.

11. Sigal denies the allegations in Paragraph 11 of the Complaint for lack of sufficient information and knowledge. Further, Sigal demands strict proof of the allegations in Paragraph 11 of the Complaint.

12. Sigal denies the allegations in Paragraph 12 of the Complaint for lack of sufficient information and knowledge. Further, Sigal demands strict proof of the allegations in Paragraph 12 of the Complaint.

13. Sigal denies the allegations in Paragraph 13 of the Complaint for lack of sufficient information and knowledge. Further, Sigal demands strict proof of the allegations in Paragraph 13 of the Complaint.

14. Sigal denies the allegations in Paragraph 14 of the Complaint for lack of sufficient information and knowledge. Further, Sigal demands strict proof of the allegations in Paragraph 14 of the Complaint.

15. Sigal denies the allegations in Paragraph 15 of the Complaint for lack of sufficient information and knowledge. Further, Sigal demands strict proof of the allegations in Paragraph 15 of the Complaint.

16. Sigal denies the allegations in Paragraph 16 of the Complaint for lack of sufficient information and knowledge. Further, Sigal demands strict proof of the allegations in Paragraph 16 of the Complaint.

17. Sigal denies the allegations in Paragraph 17 of the Complaint for lack of sufficient information and knowledge. Further, Sigal demands strict proof of the allegations in Paragraph 17 of the Complaint.

18. Sigal denies the allegations in Paragraph 18 of the Complaint for lack of sufficient information and knowledge. Further, Sigal demands strict proof of the allegations in Paragraph 18 of the Complaint.

19. Sigal denies the allegations in Paragraph 19 of the Complaint for lack of sufficient information and knowledge. Further, Sigal demands strict proof of the allegations in Paragraph 19 of the Complaint.

20. Sigal denies the allegations in Paragraph 20 of the Complaint for lack of sufficient information and knowledge. Further, Sigal demands strict proof of the allegations in Paragraph 20 of the Complaint.

21. Sigal denies the allegations in Paragraph 21 of the Complaint for lack of sufficient information and knowledge. Further, Sigal demands strict proof of the allegations in Paragraph 21 of the Complaint.

22. Sigal admits only that it received a copy of the letter attached as Exhibit 4 to Plaintiff's Complaint. The remaining allegations contained in Paragraph 22 of the

Complaint are conclusions of law, to which no response is required. To the extent a response is required, Sigal denies those allegations.

23. Sigal denies the allegations in Paragraph 23 of the Complaint for lack of sufficient information and knowledge. Further, Sigal demands strict proof of the allegations in Paragraph 23 of the Complaint.

24. Sigal denies the allegations in Paragraph 24 of the Complaint for lack of sufficient information and knowledge. Further, Sigal demands strict proof of the allegations in Paragraph 24 of the Complaint.

## COUNT I – BREACH OF CONTRACT
## AGAINST DEFENDANT BYRNE MILLWORK, INC.

25. Sigal hereby incorporates its responses to Paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. The allegations in Paragraph 26 relate to claims against another party, to which no response is required. To the extent a response is required, Sigal is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 26 of the Complaint, and accordingly denies the same.

27. The allegations set forth in Paragraph 27 relate to claims against another party, to which no response is required. To the extent a response is required, Sigal is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 27 of the Complaint, and accordingly denies the same.

28. The allegations set forth in Paragraph 28 relate to claims against another party, to which no response is required. To the extent a response is required, Sigal is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 28 of the Complaint, and accordingly denies the same.

29. The allegations set forth in Paragraph 29 relate to claims against another party, to which no response is required. To the extent a response is required, Sigal is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 29 of the Complaint, and accordingly denies the same.

30. The allegations set forth in Paragraph 30 relate to claims against another party, to which no response is required. To the extent a response is required, Sigal is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 30 of the Complaint, and accordingly denies the same.

## COUNT II – SUIT ON THE PAYMENT BOND AGAINST DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY

31. Sigal hereby incorporates its responses to Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. The allegations set forth in Paragraph 32 relate to claims against another party, to which no response is required. To the extent a response is required, Sigal is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 32 of the Complaint, and accordingly denies the same.

33. The allegations set forth in Paragraph 33 relate to claims against another party, to which no response is required. To the extent a response is required, Sigal is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 33 of the Complaint, and accordingly denies the same.

34. The allegations set forth in Paragraph 34 relate to claims against another party, to which no response is required. To the extent a response is required, Sigal is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 34 of the Complaint, and accordingly denies the same.

35. The allegations set forth in Paragraph 35 relate to claims against another party, to which no response is required. To the extent a response is required, Sigal is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 35 of the Complaint and accordingly denies the same.

36. The allegations set forth in Paragraph 36 relate to claims against another party, to which no response is required. To the extent a response is required, Sigal is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 36 of the Complaint, and accordingly denies the same.

## COUNT III – UNJUST ENRICHMENT AGAINST DEFENDANT SIGAL CONSTRUCTION CORPORATION

37. Sigal hereby incorporates its responses to Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. Sigal denies the allegations contained in Paragraph 38 of the Complaint.

39. Sigal denies the allegations contained in Paragraph 39 of the Complaint.

40. Sigal denies the allegations contained in Paragraph 40 of the Complaint.

41. Sigal denies the allegations contained in Paragraph 41 of the Complaint.

**WHEREFORE,** Sigal hereby requests that the claims against it be dismissed in their entirety, with prejudice, plus reasonable costs, attorney's fees, charges, expenses, and interests and such further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. All allegations in the Complaint not expressly admitted by Sigal are denied.

2. The entire Complaint and specifically Count Three, fail to state a claim upon which relief can be granted.

3. Plaintiff's claims are or may be barred, in whole or in part, by its failure to fulfill the mandatory conditions precedent under the Bond.

4. Plaintiff's claims are or may be barred, in whole or in part, by its failure to fulfill the mandatory conditions precedent under the Purchase Order.

5. Plaintiff's claims are or may be barred, in whole or in part, by its material breaches of the Purchase Order.

6. Plaintiff's claims are or may be barred, in whole or in part, by its failure to mitigate its damages.

7. Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of waiver and estoppel.

8. Plaintiff's claims are or may be barred, in whole or in part, by accord and satisfaction.

9. Plaintiff's claims are or may be barred, in whole or in part, by offset and recoupment.

10. Sigal reserves the right to add to or amend its Affirmative Defenses during the course of the proceedings.

**WHEREFORE,** Sigal hereby requests that the claims against it be dismissed in their entirety, with prejudice, plus reasonable costs, attorney's fees, charges, expenses, and interests and such further relief as the Court deems appropriate.

**DATED**: June 29, 2005.

Respectfully submitted,

*[signature]*

Lauren P. McLaughlin, DC Bar No. 471093
**WICKWIRE GAVIN, P.C.**
8100 Boone Boulevard, Suite 700
Vienna, Virginia 22182
Tel: (703) 790-8750
Fax: (703) 448-1801
Email: lmclaughlin@wickwire.com
*Counsel for Defendant Sigal*
*Construction Corporation*