UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> for the use and benefit of <br> MAHOGANY, INC. a/k/a <br> MAHOGANY, INC. OF MARYLAND <br><br> Plaintiff, <br><br> v. <br><br> SIGAL CONSTRUCTION CORPORATION <br><br> and <br><br> BYRNE MILLWORK, INC. <br><br> and <br><br> LIBERTY MUTUAL INSURANCE COMPANY <br><br> Defendants. | Case No.: 1:05CV01113 <br> Judge: Royce C. Lamberth |

### DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), by counsel, submits its Answer and Affirmative Defenses to the Complaint filed by Mahogany, Inc. ("Mahogany"), and states as follows:

### PARTIES

1. The allegations set forth in Paragraph 1 relate to another party, to which no response is required. To the extent a response is required, Liberty Mutual lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

1

2. The allegations set forth in Paragraph 2 relate to another party, to which no response is required. To the extent a response is required, Liberty Mutual lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

3. The allegations set forth in Paragraph 3 relate to another party, to which no response is required. To the extent a response is required, Liberty Mutual lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

4. The allegations set forth in Paragraph 4 of the Complaint are admitted.

## JURISDICTION AND VENUE

5. The allegations contained in Paragraph 5 of the Complaint are conclusions of law, to which no response is required. To the extent a response is required, Liberty Mutual denies the same.

6. The allegations contained in Paragraph 6 of the Complaint are conclusions of law, to which no response is required. To the extent a response is required, Liberty Mutual denies the same.

## FACTS

7. Based upon knowledge and belief, Liberty Mutual admits that Sigal entered into a contract (No. GS-11P03MKC0047) with the United States General Services Administration ("GSA") on or about October 23, 2003. The terms and conditions of the Contract speak for themselves and are the best evidence thereof. To the extent the allegations in Paragraph 7 of the Complaint differ from the terms and conditions of the contract, they are denied.

8. Liberty Mutual admits that it issued Payment Bond No. 17010125 ("Payment Bond") on behalf of Sigal Construction Corporation ("Sigal") for the Project.

The terms and conditions of the Payment Bond speak for themselves and are the best evidence thereof. To the extent the allegations in Paragraph 8 of the Complaint differ from the terms and conditions of the Payment Bond, they are denied.

9. Liberty Mutual admits only that Sigal entered into a subcontract agreement with Byrne Millwork, Inc., on October 23, 2003. The terms and conditions of the subcontract speak for themselves. To the extent the allegations in Paragraph 9 of the Complaint differ from the terms and conditions of the subcontract, they are denied.

10. Liberty Mutual is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 10 of the Complaint and accordingly denies the same. Further, Liberty Mutual demands strict proof of the allegations in Paragraph 10 of the Complaint.

11. Liberty Mutual is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 11 of the Complaint and accordingly denies the same. Further, Liberty Mutual demands strict proof of the allegations in Paragraph 11 of the Complaint.

12. Liberty Mutual is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 12 of the Complaint and accordingly denies the same. Further, Liberty Mutual demands strict proof of the allegations in Paragraph 12 of the Complaint.

13. Liberty Mutual is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 13 of the Complaint and accordingly denies the same. Further, Liberty Mutual demands strict proof of the allegations in Paragraph 13 of the Complaint.

14. Liberty Mutual is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 14 of the Complaint and accordingly denies the same. Further, Liberty Mutual demands strict proof of the allegations in Paragraph 14 of the Complaint.

15. Liberty Mutual is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 15 of the Complaint and accordingly denies the same. Further, Liberty Mutual demands strict proof of the allegations in Paragraph 15 of the Complaint.

16. The allegations contained in Paragraph 16 of the Complaint are conclusions of law, to which no response is required. To the extent a response is required, Liberty Mutual denies the same. Further, Liberty Mutual demands strict proof of the allegations in Paragraph 16 of the Complaint.

17. Liberty Mutual is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 17 of the Complaint and accordingly denies the same. Further, Liberty Mutual demands strict proof of the allegations in Paragraph 17 of the Complaint.

18. Liberty Mutual is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 18 of the Complaint and accordingly denies the same. Further, Liberty Mutual demands strict proof of the allegations in Paragraph 18 of the Complaint.

19. Liberty Mutual is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 19 of the Complaint and

accordingly denies the same. Further, Liberty Mutual demands strict proof of the allegations in Paragraph 19 of the Complaint.

20. Liberty Mutual is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 20 of the Complaint and accordingly denies the same. Further, Liberty Mutual demands strict proof of the allegations in Paragraph 20 of the Complaint.

21. Liberty Mutual is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 21 of the Complaint and accordingly denies the same.

22. Liberty Mutual admits only that it received a copy of the letter attached as Exhibit 3 to Plaintiff's Complaint. The remaining allegations contained in Paragraph 22 of the Complaint are conclusions of law, to which no response is required. To the extent a response is required, Liberty Mutual denies those allegations.

23. Liberty Mutual is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 23 of the Complaint and accordingly denies the same.

24. Liberty Mutual is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 24 of the Complaint and accordingly denies the same.

## COUNT I – BREACH OF CONTRACT AGAINST DEFENDANT BYRNE MILLWORK, INC.

25. Liberty Mutual hereby incorporates its responses to Paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26.     The allegations set forth in Paragraph 26 relate to claims against another party, to which no response is required. To the extent a response is required, Liberty Mutual lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

27.     The allegations set forth in Paragraph 27 relate to claims against another party, to which no response is required. To the extent a response is required, Liberty Mutual lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

28.     The allegations set forth in Paragraph 28 relate to claims against another party, to which no response is required. To the extent a response is required, Liberty Mutual lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

29.     The allegations set forth in Paragraph 29 relate to claims against another party, to which no response is required. To the extent a response is required, Liberty Mutual lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

30.     The allegations set forth in Paragraph 30 relate to claims against another party, to which no response is required. To the extent a response is required, Liberty Mutual lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

### COUNT II – SUIT ON THE PAYMENT BOND AGAINST DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY

31.     Liberty Mutual hereby incorporates its responses to Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32.     The allegations contained in Paragraph 32 of the Complaint are conclusions of law, to which no response is required. To the extent a response is required, Liberty Mutual denies the same.

33.     The allegations contained in Paragraph 33 of the Complaint are conclusions of law, to which no response is required. To the extent a response is required, Liberty Mutual denies the same.

34.     Liberty Mutual denies the allegations contained in Paragraph 34 of the Complaint.

35.     Liberty Mutual denies the allegations contained in Paragraph 35 of the Complaint.

36.     Liberty Mutual denies the allegations contained in Paragraph 36 of the Complaint.

**WHEREFORE,** Liberty Mutual hereby requests that the claims against it be dismissed in their entirety, with prejudice, plus reasonable costs, attorney's fees, charges, expenses, and interests and such further relief as the Court deems appropriate.

### COUNT III – UNJUST ENRICHMENT AGAINST DEFENDANT SIGAL CONSTRUCTION CORPORATION

37.     Liberty Mutual hereby incorporates its responses to Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38.     The allegations set forth in Paragraph 38 relate to claims against another party, to which no response is required. To the extent a response is required, Liberty Mutual lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

39. The allegations set forth in Paragraph 39 relate to claims against another party, to which no response is required. To the extent a response is required, Liberty Mutual lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

40. The allegations set forth in Paragraph 40 relate to claims against another party, to which no response is required. To the extent a response is required, Liberty Mutual lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

41. The allegations set forth in Paragraph 41 relate to claims against another party, to which no response is required. To the extent a response is required, Liberty Mutual lacks sufficient information to admit or deny the allegations, and accordingly denies the same.

## AFFIRMATIVE DEFENSES

1. All allegations in the Complaint not expressly admitted by Liberty Mutual are denied.

2. The Complaint in its entirety, and specifically Count Two, fail to state a claim upon which relief can be granted.

3. Plaintiff's claims are or may be barred, in whole or in part, to the extent it is not a proper claimant under the Bond.

4. Plaintiff's claims are or may be barred, in whole or in part, by its failure to fulfill the mandatory conditions precedent under the Bond.

5. Plaintiff's claims are or may be barred, in whole or in part, by its failure to fulfill the mandatory conditions precedent under the Purchase Order.

6. Plaintiff's claims are or may be barred, in whole or in part, by its material breaches of the Purchase Order.

7. Plaintiff's claims are or may be barred, in whole or in part, by its failure to mitigate its damages.

8. Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of waiver, release, and estoppel.

9. Plaintiff's claims are or may be barred, in whole or in part, by accord and satisfaction.

10. Plaintiff's claims are or may be barred, in whole or in part, by offset and recoupment.

11. Liberty Mutual shall rely on all defenses available to its principal.

12. Liberty Mutual reserves the right to add to or amend its Affirmative Defenses during the course of the proceedings.

**WHEREFORE,** Liberty Mutual hereby requests that the claims against it be dismissed in their entirety, with prejudice, plus reasonable costs, attorney's fees, charges, expenses, and interests and such further relief as the Court deems appropriate.

**DATED:** July 1, 2005.

Respectfully submitted,

Lauren P. McLaughlin, DC Bar No. 471093
**WICKWIRE GAVIN, P.C.**
8100 Boone Boulevard, Suite 700
Vienna, Virginia 22182
Tel: (703) 790-8750
Fax: (703) 448-1801
Email: lmclauglin@wickwire.com
*Counsel for Defendant Liberty Mutual Insurance Company*

9