UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. f/u/b/o  MAHOGANY, INC. a/k/a MAHOGANY, INC. OF MARYLAND         * | |
| * | Case No.: 1:05CV01113 |
| Plaintiff,                                                                             * | |
| * | Judge: Royce C. Lambreth |
| v.                                                                                          * | |
| SIGAL CONSTRUCTION CORPORATION *et al.* | |
| * | |
| Defendants.                                                                    | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEET AND CONFER REPORT

Counsel for the parties, pursuant to Rule 16.3 of the Rules of the District Court of the District of Columbia, have met and conferred, and hereby submit their report to the Court as follows:

## LOCAL RULE 16.3

**Statement of the Case:**  This case involves a construction dispute.  Defendant Sigal Construction Corporation ("Sigal") is a general contractor.  Defendant Byrne Millwork, Inc. ("BMI") is a millwork subcontractor.  Defendants Sigal and BMI entered into a contract, wherein BMI agreed to furnish and install millwork on the, Old State Build Out Interior Renovation construction project, located at the Harry S. Truman Building, Washington DC (the "Project").  Subsequent thereto, Defendant BMI entered into an agreement with Plaintiff Mahogany, Inc. a/k/a Mahogany, Inc. of Maryland ("Mahogany"), wherein Mahogany agreed to furnish certain millwork for the Project.  Mahogany asserts claims for unpaid contract balance and additional amounts monies related to Mahogany's work at the Project.  Specifically, Mahogany has brought this lawsuit against:  1) BMI for Breach of Contract; 2) Sigal for Unjust Enrichment; and, 3)

Sigal's payment bond surety, Liberty Mutual Insurance Company ("Liberty") for claims under the Federal Miller Act.

Sigal disputes that any additional monies are owed to Mahogany for its work on the Project. For its part, Liberty Mutual does not believe it is liable under the Bond for Mahogany's work. Both Sigal and Liberty Mutual have filed answers to the lawsuit, and intend to vigorously defend against Mahogany's claims.

**(1)     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

**REPORT:**     At this time, Plaintiff Mahogany has filed a Request For Entry of Default against Defendant BMI [Docket Number 14]. Even if BMI is in default, Mahogany must put forth ex-parte proof of its damages. Outside of the aforementioned, the parties are not aware of issues that would enable the case to be resolved via dispositive motion.

**(2)     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

**REPORT:**     The parties shall join other parties or amend the pleadings as provided by the federal Rules of Civil Procedure and the Local Rules of this Court. The parties believe some of the factual and legal issues can be agreed upon or narrowed.

**(3)     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

**REPORT:**     No.

**(4)     Whether there is a realistic possibility of settling the case.**

**REPORT:**     Unknown.

**(5)     Whether the case could benefit from the Court's alternate dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to**

**facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider;**
    **(i)    the clients goals in bringing or defending the litigation;**
    **(ii)    whether settlement talks have already occurred and, if so, why they did not produce an agreement;**
    **(iii)    the point during the litigation when ADR would be the most appropriate, with special consideration given to:**
        **(aa)    whether ADR should take place after the informal exchange or production through discovery of specific items of information; and**
        **(bb)    whether ADR should take place after the informal exchange or production through discovery of specific times of information; and**
    **(iv)    whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and**
    **(v)    whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

    **REPORT:**    The parties are willing to consider mediation according to the Court's established ADR processes.

    **(6)    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

    **REPORT:**    At the close of discovery, it is likely that the parties will be in a better position to determine whether the case may be resolved by summary judgment, motion to dismiss or other dispositive motion.

    **(7)    Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

    **REPORT:**    The parties will submit the respective F.R.C.P. Rule 26(a)(1) disclosures in accordance with the Local Rules and/or scheduling order entered by the Court.

    **(8)    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery (e.g., number of interrogatories, number of depositions, durations of deposition); whether a protective order is appropriate; and a date**

3

**for the completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.**

  **REPORT:** The parties agree to the following discovery schedule:

  (a) Deadline for exchanging Rule 26(a)(1) Initial Disclosures shall be August 30, 2005;

  (a) Deadline for serving Written Discovery Requests shall be December 13, 2005;

  (b) Deadline for Proponent's Rule 26(a)(2) statements and reports shall be October 28, 2005;

  (c) Deadline for Opponent's Rule 26(a)(2) statements and reports shall be November 29, 2005;

  (d) Deadline for Proponent's Rule 26(a)(2) rebuttal statements and reports shall be December 6, 2005;

  (e) All discovery including depositions of experts shall be completed by January 13, 2006;

  (f) Deadline for filing dispositive motions shall be February 3, 2005;

  (g) Except otherwise provided herein, discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

  **(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed.R.Civ.P. should be modified, and whether and when depositions of experts should occur.**

  **REPORT:** Except as otherwise provided herein as to the dates of disclosures, the parties do not wish to modify the requirements of Federal Rule of Civil Procedure 26(a)(2).

  **(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or evidentiary hearing on the motion and a proposed date for decision.**

**REPORT:** Not applicable.

**(11)** **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

**REPORT:** The administration of this case would not be facilitated by bifurcation or phasing.

**(12)** **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

**REPORT:** The parties respectfully request that the pretrial conference be held on date convenient to the court near the end of February 2006, or as soon as possible thereafter.

**(13)** **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

**REPORT:** The parties respectfully request that the trial date be set at the pretrial conference.

**Dated: August 4, 2005**                                  Respectfully submitted,

**QUAGLIANO & SEEGER, P.C.**

*/s/ Seth A. Robbins*
_____
Seth A. Robbins, Bar No.: 471812
2620 P Street, NW
Washington, DC 20007
Tel. (202) 822-8838
Fax. (202) 822-6982
e-mail: Robbins@quagseeg.com
**Counsel for Plaintiff
Mahogany, Inc. a/k/a
Mahogany, Inc. of Maryland**


**WICKWIRE GAVIN, P.C.**

*/s/ Lauren P. McLaughlin*

5

_____
Lauren P. McLaughlin, Bar No. 471093
8100 Boone Boulevard, 7th Floor
Vienna, Virginia 22182
Phone: (703) 790-8750
Fax:    (703) 448-1801
**Counsel for Defendants**
**Sigal Construction Corporation &**
**Liberty Mutual Insurance Company**

6