UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. f/u/b/o MAHOGANY, INC. a/k/a<br>MAHOGANY, INC. OF MARYLAND<br><br>Plaintiff,<br><br>v.<br><br>BYRNE MILLWORK, INC.<br><br>Defendant. | *<br><br>* Case No.: 1:05CV01113<br><br>* Judge Royce C. Lambreth<br><br>*<br><br>*<br><br>* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### AFFIDAVIT IN SUPPORT OF JUDGMENT

I, Jeffrey Hargrave, of lawful age and first being duly sworn upon oath, deposes and states as follows:

1. I am an officer of Mahogany, Inc. a/k/a Mahogany, Inc. of Maryland ("Mahogany"). I am authorized to make this statement and have personal knowledge of the facts herein stated.

2. Defendant Byrne Millwork, Inc. ("BMI") entered into an agreement (the "Purchase Order") with Mahogany whereby Mahogany agreed to furnish certain millwork services and materials for use and incorporation into BMI's work at the Old State Build Out Project, Interior Renovation, located at the Harry S. Truman Building in the District of Columbia, Contract No.: GS-11P03MKC0047 (the "Project"). A true copy of the Purchase order is attached to the Complaint as Exhibit 2 and incorporated herein by reference.

3. Mahogany, at the direction and specific request of BMI, furnished certain millwork services and materials for use and incorporation into BMI's work at the Project.


PLAINTIFF'S EXHIBIT 1

4. Upon the commencement of this action, Mahogany was owed One Hundred Three Thousand Three Hundred Eighty Seven 00/100 Dollars ($103,387.00).

5. On December 20, 2005, Mahogany and co-defendants Sigal Construction Corporation and Liberty Mutual Insurance Company entered into a binding Settlement Agreement wherein Mahogany shall receive Sixty Thousand 00/100 Dollars ($60,000.00) in partial satisfaction of amounts due and owing to Mahogany.

6. The Settlement Agreement between Mahogany and co-defendants Sigal Construction Corporation and Liberty Mutual Insurance Company provides that Mahogany's claims against BMI shall remain in full force and effect.

7. Despite demand for payment in full of all amounts due and owing under the Purchase Order, Mahogany has not received payment of the remaining Forty Three Thousand Three Hundred Eighty Seven 00/100 Dollars ($43,387.00) in earned Purchase Order funds for the millwork labor and materials provided at the project.

8. Mahogany performed all the conditions and obligations required of it under the Purchase Order, including additional change order work it was directed to perform by BMI.

9. BMI is in default under the Purchase Order Agreement by failing to make payment to Mahogany when due. There is a balance past due and owing from BMI to Mahogany in the amount of Forty Three Thousand Three Hundred Eighty Seven 00/100 Dollars ($43,387.00), plus interest.

10. BMI materially breached the Purchase Order by, *inter alia*, failing to pay Mahogany monies due.

11. Mahogany has incurred and shall continue to incur, substantial costs associated with its attempts to recover losses or expenses from BMI.

12. Mahogany has satisfied any and all conditions precedent in initiating suit.

**I solemnly affirm under the penalties of perjury that the foregoing facts are true and correct to the best of my knowledge, information and belief.**

_____
Jeffrey Hargrave

Subscribed and sworn to before me this 20th day of December, 2005.

_____
Notary Public

My Commission Expires: 9/1/08

ARTONDRA L. HALL
Notary Public
Baltimore City, MD
My Comm. Exps. Sept. 1, 2008

3